1 | CURTIS A. GRAHAM (BAR NO. 89755)
curtis.graham@ffslaw.com
2 | FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, Suite 1900
3 | Orange, California 90067
Telephone: (310) 255-6100
4 | Facsimile: (310) 255-6200

5 | Attorneys for Defendant
Scenic Fruit Company

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

11 | DEANNA MCPHERRON, INC. d/b/a | Case No.
SHINE MARKETING AND DESIGN,
12 | a California Corporation, | **NOTICE OF REMOVAL OF DEFENDANT SCENIC FRUIT COMPANY PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)**
13 | Plaintiff,

14 | vs.

15 | SCENIC FRUIT COMPANY, an
Oregon Corporation; and DOES 1-10,
16 | inclusive,

17 | Defendants.

18

19 |       TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

20 | THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES AND

21 | THEIR RESPECTIVE COUNSEL OF RECORD:

22 |       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

23 | and as otherwise permitted by law, Defendant Scenic Fruit Company ("Scenic

24 | Fruit"), by and through its counsel of record, hereby removes to this Court the state

25 | civil action pending in the Superior Court of California for the County of Orange,

26 | entitled *Deanna McPherron, Inc., d/b/a Shine Marketing and Design, a California*

27 | *Corporation v. Scenic Fruit Company, an Oregon Corporation; and Does 1-10,*

28 | *inclusive.* (Case No. 30-2014-00710325-CU-BC-CJC) ("State Court Action")

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2235424.1 20902-200

1

1  pursuant to 28 U.S.C. §§ 1331, 1332 and 1441(a), and as otherwise permitted by

2  law, on the following grounds:

3  **I.    JURISDICTION AND VENUE**

4  1.    Jurisdiction is proper in this Court because this Court has both original

5  and removal jurisdiction over the State Court Action.

6  2.    This Court has original jurisdiction over the underlying state action per

7  28 U.S.C. § 1332(a) – Diversity Jurisdiction – because the amount in controversy

8  exceeds $75,000.00, excluding fees and costs, and no defendant is a citizen of the

9  same state as Plaintiff.

10  3.    The Court also has removal jurisdiction pursuant to 28 U.S.C. §

11  1441(a) and as otherwise permitted by law because this Court has original Diversity

12  Jurisdiction and Scenic Fruit filed this Notice of Removal within thirty (30) days of

13  receiving notice of the grounds for removal (the Court's original diversity

14  jurisdiction), and within one year after the underlying State Court Action

15  commenced.

16  4.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391,

17  and 1441 because the State Court Action was filed in the Orange County Superior

18  Court, which is within the area encompassed by the Central District, Southern

19  Division.

20  **II.    NOTICE OF REMOVAL IS TIMELY**

21  5.    Under 28 U.S.C. § 1446(a) and (c), a defendant may file a Notice of

22  Removal if the defendant files the Notice (1) within thirty (30) days after learning

23  that the action is removable and (2) less than one year after commencement of the

24  removed action. *See e.g., Durham v. Lockheed Martin Corp.* (9th Cir. 2006) 445

25  F.3d 1247, 1250.

26  6.    The complaint in the State Court Action was filed on March 13, 2014.

27  ("Complaint").

28  7.    Scenic Fruit is filing this Notice of Removal less than thirty (30) days

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 after learning that the underlying State Court Action could be removed and less than

2 one year after the Complaint was filed.

### III.   STATUS OF STATE COURT PLEADINGS

4  8.   Plaintiff filed the Complaint on or about March 13, 2014.

5  9.   The Complaint was served on Scenic Fruit less than thirty (30) days

6 ago.

7  10.   Scenic Fruit is unaware if any Doe Defendants have been named in this

8 action or served with the Complaint.

9  11.   According to the docket sheet for the underlying state action in the

10 Superior Court of the County of Orange, the Complaint, Summons, Civil Case

11 Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location,

12 constitute all the process, pleadings, papers, and orders filed within the meaning of

13 28 U.S.C. §1446(a) and there are no hearings on calendar.  Copies of all documents

14 that have been filed with the Orange County Superior Court in the underlying State

15 Court Action are attached hereto as Exhibit A and constitute all of the records and

16 proceedings in the state court.

### IV.   REMOVAL IS PROPER BASED UPON THE COURT'S ORIGINAL DIVERSITY JURISDICTION

#### A.   No Defendant Is a Citizen of the Same State as Plaintiff.

20  12.   Scenic Fruit is informed and believes and based thereon alleges that at

21 the commencement of the State Court Action, and at all times relevant herein,

22 Plaintiff was and is a citizen of the State of California.  *See* **Exhibit 1 attached to**

23 **Exhibit B to the Complaint, ¶ 1 therein (the Complaint is attached as Exhibit A**

24 hereto).

25  13.   At the commencement of the State Court Action, and at all times

26 relevant herein, Scenic Fruit was not and is not a citizen of the State of California.

27  14.   Because no defendant resides or is a citizen of the State of California,

28 no defendant and Plaintiff are citizens or residents of the same state and complete

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  diversity of citizenship exists.

2  **B.   The Amount in Controversy.**

3  15.   In the Complaint, Plaintiff alleges that it is owed and seeking damages

4  in excess of $800,000 (Exhibit A, Complaint, ¶ 14, Ex. A).

5  16.   A removing defendant need show that the amount in controversy more

6  likely than not exceeds $75,000.00 by a preponderance of the evidence. *Sanchez v.*

7  *Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 862.  Here, Plaintiff's seeks

8  damages in excess of $800,000.00.  There is no question that the amount at issue in

9  this lawsuit exceeds $75,000.00, exclusive of fees and costs.

10  17.   For the reasons set forth, above, there is complete diversity for the

11  purposes of removal.

12  **V.   CONSENT**

13  18.   Scenic Fruit is unaware if other defendants have been named in this

14  action and served with the Complaint.  Scenic Fruit is unable to determine if such

15  other defendants, if any, consent to the removal of this action.

16  **VI.   NOTICE TO PARTIES GIVEN**

17  19.   Scenic Fruit certifies that, pursuant to 28 U.S.C. § 1446(d), it is giving

18  written notice of filing this Notice of Removal to all named parties to this suit and

19  that it is filing a copy of this Notice of Removal with the Clerk of the Orange

20  County Superior Court.

21  **VII.   ADDITIONAL BRIEFING**

22  20.   If any question arises as to the propriety of this removal, Scenic Fruit

23  respectfully requests the opportunity to brief any disputed issues and to present oral

24  argument in support of its position that the underlying State Court Action can be

25  removed.

26  21.   Scenic Fruit also reserves the right to supplement this Notice of

27  Removal if necessary.

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2235424.1 20902-200

NOTICE OF REMOVAL OF DEFENDANT SCENIC FRUIT COMPANY

1

## VIII. NON-WAIVER

2        22.     Nothing in this Notice of Removal shall be interpreted as a waiver or

3    relinquishment of Scenic Fruit's right to assert any defense or affirmative matter,

4    including, but not limited to, the defenses of lack of jurisdiction, improper venue,

5    insufficiency of process, failure to state a claim, fraudulent joinder, or any other

6    procedural or substantive defense that might be available to Scenic Fruit.

7        WHEREFORE Scenic Fruit Company respectfully requests that (1) this

8    Notice of Removal be filed, (2) the State Court Action be removed to – and proceed

9    hereafter – in this Court, and (3) no further proceedings be had in the Orange

10   County Superior Court, Central Justice Center.

11

12   DATED: April 22, 2014            FREEMAN, FREEMAN & SMILEY, LLP

13

14

15                                    By: _____ /s/ CURTIS A. GRAHAM _____

16                                         Curtis A. Graham
                                           Attorneys for Scenic Fruit Company

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2235424.1 20902-200

# EXHIBIT A

1  Roger J. Buffington (State Bar No. 191960)
   Kaden J. Kennedy (State Bar No. 238699)
2  Thomas J. McNamara (State Bar No. 289883)
   Buffington Law Firm, PC
3  8840 Warner Ave., Suite 300
   Fountain Valley, CA 92708
4  714-842-6124
   714-842-6134 (facsimile)
5  rogerjb@buffingtonlawfirm.com

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**03/13/2014** at 07:43:43 AM
Clerk of the Superior Court
By Amanda Rincon, Deputy Clerk

6  Attorneys for: Plaintiff Deanna McPherron, Inc. d/b/a Shine Marketing and Design, a California
7  Corporation

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    FOR THE COUNTY OF ORANGE
9

10 DEANNA MCPHERRON, INC. d/b/a SHINE ) No.   30-2014-00710325-CU-BC-CJC
11 MARKETING AND DESIGN, a California   )
   Corporation,                         ) **COMPLAINT FOR DAMAGES**
12                                       )
           Plaintiff,                    ) **1) Breach of Contract**
13                                       ) **2) Fraud and Deceit**
           vs.                           ) **3) Negligent Misrepresentation**
14                                       )
15 SCENIC FRUIT COMPANY, an Oregon      ) **[UNLIMITED CIVIL CASE]**
   Corporation; and DOES 1-10, inclusive,)
16                                       ) **[PLAINTIFF DEMANDS TRIAL BY**
           Defendants.                   ) **JURY]**
17                                       )
18                                       ) Date:
                                         ) Time:   Judge Kirk Nakamura
19                                       ) Dept.:
20                                       )
                                         )
21                                       )

22 Plaintiff alleges:

23    1.    Plaintiff Deanna McPherron, Inc. d/b/a Shine Marketing and Design, a California

24 Corporation, (*hereinafter* "Plaintiff" or "Shine") is, and at all relevant times mentioned herein

25 was, a marketing company with its principal place of business in Orange County, California.

26

27

28

---

                            **COMPLAINT FOR DAMAGES**
                                      - 1 -

S:\Clients 2013\Shine-1-LIT-2013\Pleadings\Complaint.docx

2.     Defendant Scenic Fruit Company, an Oregon Corporation, (*hereinafter* "Scenic Fruit" or "Defendant") is, and at all relevant times herein mentioned was, a national fruit vendor with its principal place of business in Gresham, Oregon.

3.     The Contract creating the obligation (defined in Paragraph 5 herein), on which Plaintiff brings this action, was fully executed in Orange County, California.  The place of performance for the Contract is Orange County, California.  All substantial contacts between Plaintiff and Defendant occurred in Orange County, California.  Accordingly, jurisdiction and venue are proper in Orange County, California for the instant action.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that each of these defendants is an agent and/or employee of one of the named defendants, and/or in some way proximately caused damages to Plaintiff as herein alleged.

5.     On or about September 6, 2006, Plaintiff and Defendant entered into a brokerage contract (*hereinafter* the "Contract").  Attached hereto as <u>Exhibit A </u>is a true and correct copy of the Contract.

6.     The Contract provides that Plaintiff shall serve as Defendant's exclusive independent broker to solicit all orders and merchandise all of Defendant's products applicable to all divisions of Costco Wholesale, including those divisions in Orange County, California (*hereinafter* "Costco") (*see generally* <u>Exhibit A</u>).

**COMPLAINT FOR DAMAGES**
- 2 -

7.      In consideration of Plaintiff's marketing services, Defendant agreed to pay Plaintiff a perpetual commission of three-percent (3%) of net invoices on all items sold by Defendant to Costco. (*see generally* Exhibit A).

8.      Beginning or about December 3, 2006, Plaintiff brokered a vendor agreement between Defendant and Costco (*hereinafter* the "Vendor Agreement"). Attached hereto as Exhibit B is a true and correct copy of the Vendor Agreement. Before approximately December 3, 2006, Defendant was never a vendor of Costco.

9.      On or about December 5, 2006, Defendant executed a vendor purchase program agreement with Costco (*hereinafter* the "Purchase Program"). Attached hereto as Exhibit C is a true and correct copy of the Purchase Program. The Purchase Program clearly identifies Plaintiff as Defendant's authorized representative for all Costco divisions. (*see generally* Exhibit C).

10.     Since approximately January 2007, Defendant has not paid Plaintiff the contractually agreed upon three-percent (3%) of net invoices on all items sold by Defendant to Costco. (*see generally* Exhibit A). In fact, Defendant has unilaterally, and without Plaintiff's knowledge or consent, reduced the commission structure to less than three-percent (3%) beginning approximately January 2007 and through the present date.

11.     Defendant has made and continues to make commission payments to Plaintiff that are not in accordance with the terms of the Contract. Specifically, Defendant has tendered and continues to tender payments to Plaintiff which are not true and correct calculations of the three-percent (3%) commission structure pursuant to the Contract, and which represented arbitrarily reduced invoices. (*see generally* Exhibit A).

12.     Plaintiff has performed and continues to perform all of its obligations under the Contract. Defendant, however, continues to refuse to honor the three-percent (3%) commission structure payable to Plaintiff under the Contract. (*see generally* Exhibit A).

13.     Defendant has explicitly denied payments to Plaintiff on commissions from Costco invoices.

14.     As a result of Defendant's acts above mentioned, Plaintiff has not been paid the full three-percent (3%) commission on all net invoices from Costco in breach of the Contract. As a direct and proximate cause, Plaintiff has suffered damages in excess of $800,000 since approximately January 2007 and through the present date.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant Scenic Fruit and Does 1-10)

### Count 1: Breach of Contract

15.     Plaintiff refers to and herein incorporates paragraphs 1-14.

16.     Plaintiff has performed all conditions, covenants, and promises required on its parts to be performed in accordance with the terms and conditions of the Contract. Plaintiff continues to serve as Defendant's authorized broker for Costco sales. Costco communicates with Plaintiff regarding items sold by Defendant to Costco. In fact, to this date, Plaintiff is listed as the "contact" for Defendant on Costco's very own purchase orders to Defendant. (*see generally* Exhibit D). Attached hereto as Exhibit D is a true and correct copy of the February 13, 2014 purchase order from Costco to Defendant.

17.     On or about August 29, 2013, Defendant substantially breached the Contract when Defendant communicated by letter to Plaintiff that there had been a "fundamental change in our relationship structure between Costco, Shine Marketing, and Scenic Fruit." (Exhibit E ¶2).

Attached hereto as Exhibit E is a true and correct copy of the August 29, 2013 letter from Defendant to Plaintiff in breach of the Contract.

18.     Defendant continues to breach the Contract by not paying Plaintiff the full three-percent (3%) commission on all net invoices from Costco. (*see generally* Exhibit A).

19.     As an actual and proximate cause of Defendant's breach of the Contract, Plaintiff has been damaged in a sum presently estimated to be in excess of $800,000.

**Count 2: Breach of Covenant of Good Faith and Fair Dealing**

20.     Plaintiff refers to and herein incorporates paragraphs 1-19.

21.     The above-described conscious and deliberate acts of Defendant constitute a breach of the covenant of good faith and fair dealing unfair dealing contained in the Contract that unfairly frustrates the agreed common purpose of the Contract and disappoints the reasonable expectations of Plaintiff, which is in breach of the covenant of good faith and fair dealing. [Celador v. Walt Disney Co. (C.D. Cal. 2004) F. Supp. 2d 846, 852 (citing Careau & Co. v. Security Pac. Bus. Credit, Inc. (1990) 222 Cal. App. 3d 1371, 1394)].

22.     Defendant breached the covenant of good faith and fair dealing impliedly owed to Plaintiff within the Contract by unilaterally changing the commission structure in lower amounts than the agreed upon three-percent (3%) commission rate.  In addition, Defendant breached the covenant of good faith and fair dealing by working directly with Costco outside of the Contract terms. (*see generally* Exhibit E).  Therefore, Defendant acted in bad faith to frustrate the benefits Plaintiff was to receive under the Contract.  [Celador v. Walt Disney Co. (C.D. Cal. 2004) F. Supp. 2d 846, 852 (citing Careau & Co. v. Security Pac. Bus. Credit, Inc. (1990) 222 Cal. App. 3d 1371, 1394; Guz v. Bechtel Nat'l, Inc. (2000) 24 Cal. 4th 317, 353)].

---

**COMPLAINT FOR DAMAGES**
- 5 -

23.     As an actual and proximate cause of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in a sum presently estimated to be in excess of $800,000.

## SECOND CAUSE OF ACTION

**(Fraud and Deceit Against Defendant Scenic Fruit and Does 1-10) (Civil Code § 1710(1))**

24.     Plaintiff refers to and herein incorporates paragraphs 1-23.

25.     On or about January 2008 and continuing through the present date, Defendant has tendered and continues to tender payments to Plaintiff which are not true and correct calculations of the three-percent (3%) commission structure pursuant to the Contract. Defendant's agents and employees at all relevant times herein, specifically Melou Scott and Laurie Kays, issued these incorrect payments to Plaintiff on a regular basis since approximately January 2008.

26.     Thus, Defendant and its employees and agents have represented and continue to represent to Plaintiff that its payments to Plaintiff below the three-percent (3%) commission rate are in accordance with the terms of the Contract. Such acts by Defendant demonstrate long running, undisclosed fraudulent conduct.

27.     The above-described representations made by the Defendant concerning commission payments are in fact false. The true facts are that Defendant must tender payments to Plaintiff which are true and correct calculations of the perpetual three-percent (3%) commission structure under the Contract. (*see generally* Exhibit A).

28.     When Defendant made these representations, it knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act.

**COMPLAINT FOR DAMAGES**

- 6 -

29.    Plaintiff, at the time these representations were made by Defendant and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true.  Plaintiff only learned of the falsity of Defendant's representations on or about August 29, 2013.  (*see generally* <u>Exhibit E</u>).

30.    In reliance on these representations, Plaintiff was induced to and did accept payments from Defendant which are not true and correct calculations of the three-percent (3%) commission structure pursuant to the Contract.  Had Plaintiff know the actual facts, it would not have taken such action.  Plaintiff's reliance on Defendant's representations was justified because of the inherent covenant of good faith and fair dealing implied in performing the Contract and because Defendant was contractually obligated to provide Plaintiff with a three-percent (3%) commission on all items sold to Costco.  (*see generally* <u>Exhibit A</u>).

31.    As an actual and proximate cause of the fraudulent conduct of Defendant, Plaintiff received payments from Defendant that did not accurately amount to three-percent (3%) commission on net invoices to Costco, by reason of which Plaintiff has been damaged in a sum presently estimated to be in excess of $800,000.

32.    The aforementioned conduct of Defendant was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention on the part of Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

//

**COMPLAINT FOR DAMAGES**

- 7 -

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation Against Defendant Scenic Fruit and Does 1-10) (Civil Code § 1710(2))

33.     Plaintiff refers to and herein incorporates paragraphs 1-32.

34.     On or about January 2008 and continuing through the present date, Defendant has tendered and continues to tender payments to Plaintiff which are not true and correct calculations of the three-percent (3%) commission structure pursuant to the Contract.  Defendant's agents and employees at all relevant times herein, specifically Melou Scott and Laurie Kays, issued these incorrect payments to Plaintiff on a regular basis since approximately January 2008.

35.     Thus, Defendant and its employees and agents have represented and continue to represent to Plaintiff that its payments to Plaintiff below the three-percent (3%) commission rate are in accordance with the terms of the Contract.  Such acts by Defendant demonstrate long running, undisclosed fraudulent conduct.

36.     The above-described representations made by the Defendant concerning commission payments are in fact false.  The true facts are that Defendant must tender payments to Plaintiff which are true and correct calculations of the perpetual three-percent (3%) commission structure under the Contract.  (see generally Exhibit A).

37.     When Defendant made these representations, it had no reasonable ground for believing them to be true in that the Contract required Defendant to make payments to Plaintiff that reflect true and correct calculations of the perpetual three-percent (3%) commission structure under the Contract.  (see generally Exhibit A).

38.     Defendant made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner hereafter alleged,

---

**COMPLAINT FOR DAMAGES**

- 8 -

or with the expectation that Plaintiff would so act.  Plaintiff only learned of the falsity of Defendant's representations on or about August 29, 2013.  (*see generally* <u>Exhibit E</u>).

39.     As an actual and proximate cause of the misrepresentations of Defendant, Plaintiff received payments from Defendant that did not accurately amount to three-percent (3%) commission on net invoices to Costco, by reason of which Plaintiff has been damaged in a sum presently estimated to be in excess of $800,000.

**WHEREFORE,** Plaintiff prays judgment against Defendants, and each of them, as follows:

1.     For general damages in excess of $800,000, or such other amount according to proof;

2.     For special damages, according to proof;

3.     For lost earnings, past and future, according to proof;

4.     For punitive damages against all Defendants, in an amount sufficient to punish them, and deter similar future conduct by Defendants and others;

5.     For costs of suit incurred herein;

6.     PLAINTIFF DEMANDS TRIAL BY JURY; and

7.     For such other relief as the Court may deem proper

Dated: March 12, 2014

Buffington Law Firm, PC

Roger J. Buffington
Kaden J. Kennedy
Thomas J. McNamara
Attorneys for Plaintiff Deanna McPherron, Inc. d/b/a Shine Marketing and Design, a California Corporation

**COMPLAINT FOR DAMAGES**
- 9 -

EXHIBIT "A"

05-03-2005   09:55     503-663-7095          SCENIC FRUIT CO                    PAGE   02



**SHINE** marketing and design

### BROKERAGE CONTRACT

This agreement is entered into by and between SHINE marketing and design, 979 K Avenida Pico #349, San Clemente CA 92673 (Broker) and Scenic Fruit Co. 7510 S. E. Altman Road, Gresham, OR 97080 (Vendor).

It is intended that this document evidence the mutual understanding and agreement of SHINE marketing and design and Scenic Fruit Co. concerning the obligations of Scenic Fruit Co. and SHINE marketing and design with respect to Broker's brokerage activities on behalf of Scenic Fruit Co.

1. Scenic Fruit Co. hereby appoints SHINE marketing and design as its exclusive broker to solicit orders in the territory set forth in attached Schedule A, for Scenic Fruit Co.'s line of products as listed and referred to in attached Schedule C. SHINE marketing and design accepts the foregoing appointment, and agrees to sell, promote, and merchandise Scenic Fruit Co. products to Scenic Fruit Co.'s satisfaction.

2. In the consideration of faithful performance by Broker of Broker's obligations hereunder, Scenic Fruit Co. agrees to pay SHINE marketing and design as full compensation for all services rendered and expenses incurred, the commissions(s) listed in Schedule B, on all goods sold by the above mentioned SHINE marketing and design in the territory. Where commission is on a "percent of sales" basis (see Schedule B), it will be calculated on the net invoice price (after deducting any promotion or promotional allowances and/or tariffs). Product demonstration costs are not to be deducted off invoice and therefore not to be deducted from commissions due SHINE marketing and design.

3. SHINE marketing and design shall offer all goods for sale at such prices and on such terms as may from time to time be authorized by Scenic Fruit Co. in writing. SHINE marketing and design shall extend no credit without obtaining the approval of Scenic Fruit Co. in each instance, in advance, in writing.

4. All order and agreements of sale shall be taken subject to acceptance by Scenic Fruit Co.

5. SHINE marketing and design is to comply with all instructions and regulations issued from time to time by Scenic Fruit Co. including pricing as authorized by Scenic Fruit Co. in writing. ·

6. Broker shall conduct all sales activities, including pricing, sales promotions and application of advertising agreements, in compliance with the laws, rules and regulations of Federal, State and Local government.

7. SHINE marketing and design shall not sell or attempt to sell, any of the products of Scenic Fruit Co. outside of the territory specified in Schedule A.

8. SHINE marketing and design commissions shall be due and payable within 7 calendar days of Scenic Fruit Co.'s receipt of payment from Costco Wholesale, as set forth in Schedule B. It is understood that no commissions shall be due on orders that are not shipped due to the purchasers' credit, lack of materials or any other reason.

9. SHINE marketing and design does not have authority to accept returned goods from a customer, or to give credit for such returned goods, unless Scenic Fruit Co. gives SHINE marketing and design written authority to do so.

10. SHINE marketing and design shall give prompt notice to Scenic Fruit Co. of any knowledge, which SHINE marketing and design has that affects the credit standing of all customers in Schedule A. SHINE marketing and design further agrees to render Scenic Fruit Co. such assistance as Scenic Fruit Co. may from time to time request in the collection of accounts. In addition, SHINE marketing and design shall render Scenic Fruit Co. assistance as Scenic Fruit Co. may from time to time request in handling and investigation of complaints and claims.

Page 1 of 5                                         Initial 





Brokerage Contract for Scenic Fruit Co.
SHINE marketing and design
August 28, 2006
Page 2 of 5

11. SHINE marketing and design shall not acquire any right, title, or interest in any goods or merchandise shipped pursuant to terms of this agreement, or in the proceeds of the sale, and except as provided in Paragraph 10, SHINE marketing and design shall not make collections of accounts due to Scenic Fruit Co., it being understood that all remittances to Scenic Fruit Co. shall be made direct by each customer in schedule A to Scenic Fruit Co..

12. SHINE marketing and design shall, under no circumstances, sell any of the products to, or in the name of SHINE marketing and design.

13. SHINE marketing and design shall not deliver goods to any buyer unless he shall take receipt signed by the buyer/depot which shall be kept on file by Scenic Fruit Co..

14. Either party may terminate this agreement at any time, by giving the other party 30 days notice in writing. Commissions will be paid to SHINE marketing and design for all purchase orders delivered and accepted by all customers in Schedule A for a term of 90 days from day 1 of the written termination by either party. Notice in writing is effective on the fifth day after mailing or on the second day if sent by facsimile or email.

15. SHINE marketing and design is an independent contractor in the performance of this agreement and as such, has full and complete liberty to use his/her own free will, judgment, and discretion as to the manner of SHINE marketing and design's performance of SHINE marketing and design's obligation, and Scenic Fruit Co. shall not direct or control the manner of performance of SHINE marketing and design's obligations.

16. This agreement may not be assigned or transferred without the written mutual consent of the parties.

In witness of the mutual understanding and agreement, this agreement is signed on behalf of the parties involved by their duly authorized representatives the 28th day of August, 2006.

Scenic Fruit Co.
(Vendor)

_Joe Michael_
Name

_General Manager_
Title

Date _8/30/06_

SHINE marketing and design
(Broker)

_Karin Uplen_
Name

_President_
Title

Date _9/6/06_



**SHINE** marketing and design

Brokerage Contract for Scenic Fruit Co.
SHINE marketing and design
August 28, 2006
Page 3 of 5

SCHEDULE A

BROKER TERRITORY

State(s):     All

Counties:     All

Exclusions:  None

Customers: Costco Wholesale, All Divisions

Initials:



Brokerage Contract for Scenic Fruit Co.
SHINE marketing and design
August 28, 2006
Page 4 of 5

SCHEDULE B

COMMISSION RATES

Commissions:          3.0% of net invoices sales on all items to Costco Wholesale

Exclusions:           None

Initials: 





Brokerage Contract for Scenic Fruit Co.
SHINE marketing and design
August 28, 2006
Page 5 of 5

SCHEDULE C

PRODUCT TYPES APPROVED FOR BROKER TO SELL

Club:                              All products applicable to Costco Wholesale – All Departments
                                   All current and to be designed items.

Foodservice:                       None

Retail:                            None

Membership Warehouse:   All products applicable to Costco Wholesale – All Departments
                                   All current and to be designed items.

Initials:

EXHIBIT "B"

Date: _____December 3_____, 200 6

Vendor A/P No. _____

Dept. No _____

# COSTCO WHOLESALE
## BASIC VENDOR AGREEMENT
### United States (2004)

_____SCENIC FRUIT COMPANY_____

Wholesale Corporation (referred to as "Costco Wholesale") agree that: _____ ("Vendor") and Costco

A.  **Agreement Documents**. All sales and deliveries of all merchandise by Vendor to Costco Wholesale (or other purchaser under paragraph C below), and all purchase orders by Costco Wholesale (or other purchaser under paragraph C below) to Vendor, will be covered by and subject to the terms of each of the following documents (collectively the "Agreement Documents"):

   ○  This Basic Vendor Agreement;

   ○  The attached Costco Wholesale Standard Terms United States (2004), as they may be amended in writing by Costco Wholesale from time to time ("Standard Terms"); and

   ○  Each Vendor Purchase Program Agreement, Item Agreement, or any other agreements (such as warehouse displays, promotions or rebates) that have been or will be signed between Vendor and Costco Wholesale.

B.  **Inconsistency**. The above Agreement Documents collectively are an agreement between us, are part of this Basic Vendor Agreement and are incorporated herein by reference. In case of any inconsistency among any Agreement Documents, the lowest such document in the above list will take priority over any document higher on the list.

C.  **Purchaser**. Each purchase will be made in the name of "Costco Wholesale," but may be for the account of its affiliates or licensees.

D.  **Insurance**. The insurance requirements are set forth in Section 16 of the Standard Terms.

E.  **Disputes**. Disputes shall be resolved under Sections 20 and 21 of the Standard Terms.

F.  **Relationship of the Parties**. The relationship between Costco Wholesale and Vendor is that of an independent contractor and Vendor agrees that it has not and shall not hold itself out as, nor shall Vendor be deemed to be, an agent of Costco Wholesale.

G.   **Vendor Code of Conduct.**   Vendor agrees to comply with Costco Wholesale's Vendor Code of Conduct (December 2003), as it may be amended in writing by Costco Wholesale from time to time.

H.   **Other Forms.**   The Agreement Documents supersede all terms in Vendor's invoices and other forms, and all prior oral or written communications between us. No party is entering into these Agreement Documents in reliance on any oral or written promises, representations or understandings other than those in the Agreement Documents.

COSTCO WHOLESALE CORPORATION VENDOR:

By_____
      (Buyer)

By_____
      (Signature of Owner, Officer,
      or other Authorized Employee)

By_____
      (GMM)

_____MARIDEAN Eisele (owner)
      (Print Name and Title)

EXHIBIT "C"

**COSTCO WHOLESALE**

**VENDOR PURCHASE PROGRAM AGREEMENT**

Date: 12/15/06  New Vendor? (Y)/N?  BBA Vendor #: _____  Indiv. Dun #: _____  Ultimate Dun #: _____

Vendor Name: Scenic Fruit Company   Vendor Contact: Joe McMichael   Dept #: _____

Purchase Order/Correspondence Address: 7510 S.E. Altman Road

City: Gresham   State: OR   Zip: 97080

Phone: (503) 663-3434  Fax: (503) 793-0395 E-Mail: joe@scenicfruit.com

Remittance Address: 7510 S.E. Altman Road

City: Gresham   State: OR   Zip: 97080

Factor (if applicable): _____   Check One:  ☐ On Account  ☐ L/C  ☐ EFT

EDI: Y/(N)   EDI Contact: N/A   EDI Contact Phone #: N/A

Order Desk Contact: Christina Galant   Order Contact Phone #: (949) 218-2825

Rep. Company: SHINE marketing and design  Rep. Contact: Deanna McPherron

Address: 979 K Avenida Pico #349

City: San Clemente   State: CA   Zip: 92673

Phone: (949) 218-2825   Fax: (949) 218-2827

Region: ☒ ALL US ☐ NW ☐ LA ☐ SD ☐ TX ☐ BA ☐ SE ☐ NE ☐ MW ☐ PR ☐ WCN ☐ ECN ☐ UK ☐ KO ☐ TW ☐ JP

**Advertising Allowances**
Connection Advertising: _____   Collection Placement: _____   End Cap: _____
Placement: _____   Other: _____
Above paid by:  Check: _____   Deduct from payment: _____   Other: _____

Warranty 1-800#: _____   Length of Warranty: _____   Parts: _____   Labor: _____
Warranty applies to (choose one):  Unsaleable Merchandise: ☐   or Defective Merchandise Only: ☐

**Special Credit Information**
Credit available: Y/(N)   Contact Vendor/Rep: Y/N?   RA # Required: Y/N?
Other: _____
Contact: _____

**Product Disposition**
If Costco is able to return product:   Ship Collect: Y/N?  Carrier: Y/N?   Ship prepaid: Y/N?
Ship UPS: Y/N?   Ship prepaid/billback: Y/N? Other: _____
Return product to: _____

If we do not return product:  ☐ Salvage, if possible   ☐ Send to warranty station for repair   ☐ Vendor/Rep will exchange
☒ Off Allowance obtained from Vendor  ☐ Destroy only, do not salvage  ☐ Call Vendor for parts   Other: _____
Collect monies:   Check: _____   Deduct from payment: _____   Other: _____

**Insurance Requirements or Coverage**
Insurance Certificate:   Requested: 12/41/2006   Received: / /
Vendors' additional Insured endorsement:   Requested: 12/41/2006   Received: / /
Required minimum primary coverage: $2,000,000:   $ of coverage: _____

Display:   Point of purchase material: _____
Warehouse display provided by:  ☐ Vendor  ☐ Rep  ☐ Costco   Display freight prepaid: (Y)/N?

Comments: _____

Buyer: _____   Date: _____   GMM: _____   Date: _____
Vendor: _____   / Joe McMichael, General Manager   Date: 12-5-06
(Signature of Owner, Officer or Other Authorized Employee)   (Print Name & Title)

Accounting Systems Development & Documentation
VPPA US 2002.dot   Revised: January 2003

EXHIBIT "D"

# COSTCO
## WHOLESALE KOREA

Date Revised(YYYY/MM/DD): 2014/02/13          PAGE:0001

| PURCHASE ORDER NO. | INVOICE TO: |
|---|---|

**PURCHASE ORDER NO.**
**859-1442-637**

**ALL INVOICES & PACKAGES MUST**
**SHOW THIS PURCHASE ORDER NO.**

**INVOICE TO:**

COSTCO WHOLESALE KOREA
40, ILJIK-RO, GWANGMYEONG-SI, GYEONGGI-DO, KOREA
Dept: 18

| TERMS: | 0.00% | NET+ 40 | FROM DOI |
| DISC%: | 0.00% | 0.00% | 0.00% |
| FA: | 0.00% | | BACK-ORDER: NO |
| MISC. CHG: | 0.00% | | FRT TYPE: COL |
| CARRIER: COSTCO | | | EXW: GRESHAM, OREGON,US |

### VENDOR INFO.

Name: SCENIC FRUIT COMPANY
Vendor#: 54922-00
Contact: DEANNA MCPHERRON
    Tel#: 001 1 949 218 2825
    Fax#: 00119492182827
    E-Mail: christina@shinesales.com
        deanna@shinesales.com

**SHIP TO:**
Depot#: 859 COSTCO WHOLESALE KOREA DEPOT
Address: 40, ILJIK-RO, GWANGMYEONG-SI,
        GYEONGGI-DO, KOREA
    Tel#: 82-2-2630-2722

### ORDER INFO.

Buyer: Jiyeon Cho
    Tel# : 82-2-2630-2836
    E-Mail: jycho@costcokr.com
Order Date: 2014/02/11
Delivery Date: 2014/04/10
Ship window from: 2014/02/20 to 2014/02/26

### FORWARDER INFO.

Name: UPS SCS
Address: 77-66, Mullae-Dong, 3-Ga, Youngdeungpo-Gu Seoul,
Korea
    Tel#: 82-2-2000-3853      Fax#: 82226521831
Contact: Irene Maeng
    E-Mail: mjuyoon@ups.com

**SPECIAL INSTRUCTION :**

| Qty Ordered | DESC | COSTCO ITEM NO | ITEM Description | | COST |
|---|---|---|---|---|---|
| 7,680 | EACH | 648126 | KS WHOLE BLUEBERRIES | | 7.45 USD |
| | | | ALLOWANCE %   .25 | | |
| | | | (WGT =   18412 kg,MPKS =   40,CUBE =   49 m3) | NET | 57,073.15 USD |
| | | | | | |
| | | | TOTAL (EXCLUDE VAT) | NET | 57,073.15 USD |

```
*******************************************************************
***           R E Q U I R E D   D O C U M E N T S          ***
*******************************************************************
```

Commercial Invoice                    Packing List

Bill of Lading (BOL or B/L)        Copy of Purchase Order

**\*\*\* E N D   O F   P O \*\*\***

- Vendor must insure that wooden pallets used to ship these goods comply with Korean fumigation/heat treatment
  regulation.
- The Vendor Purchase Agreement is incorporated by reference and made part of this purchase order.
  If for any reason you do not understand this agreement please contact COSTCO immediately.

EXHIBIT "E"



August 29, 2013

Ms. Deanna McPherron
Shine Marketing & Design
1206 Pueta Del Sol
San Clemente, CA 92673

Dear Deanna,

Thank you for sending the supporting material with regards to on-going projects with varies Costco buying regions. I now better understand the work Shine has completed on behalf of Scenic Fruit Company. We are grateful for this work and feel both companies have benefited from it.

For the last two years, through the Corporate Buyers initiation, we have communicated directly with the corporate office. We believe these programs, conventional KS and organic SFC (transitioning to KS) mark a fundamental change in our relationship structure between Costco, Shine Marketing and Scenic Fruit. With that said we believe the only way to move forward on these items is to work directly with Costco.

With regards to other projects, we believe that value of the Shine Marketing and Scenic Fruit relationship exists. We welcome the opportunity to continue working with you on non-blueberry items if you are interested. This is not an exclusive relationship but one based on opportunity and we may, at our discretion, work on projects with Costco regions. We want to honor the programs in progress; Triple Berry and Organic blueberry thru the end of the existing contracts . We will also work with you on new items that are in process; Mango (UK) and Wild Organic blueberries (TX).

Again, we value the work you have done on behalf of Scenic Fruit.

Thank you,

Maridean Eisele
President & Owner

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 1888 Century Park East, Suite 1900, Orange, California 90067.

On April 22, 2014, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF DEFENDANT SCENIC FRUIT COMPANY PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)** on the interested parties in this action as follows:

*Attorneys for Plaintiff*

Thomas M. McNamara, Esq.
Buffington Law Firm, PC
8840 Warner Avenue, Suite 300
Fountain Valley, California 92708
Telephone: (714) 842-6124
Facsimile: (714) 842-6134

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Freeman, Freeman & Smiley, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 22, 2014, at Orange, California.

_____
Carmen Torres-Smith

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2235424.1 20902-200

NOTICE OF REMOVAL OF DEFENDANT SCENIC FRUIT COMPANY